# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

in re DAVID STEBBINS                                             PETITIOER

## CASE NO. 14-_2711_ ˊ

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Petitioner David Stebbins, who hereby submits the following Petition for Writ of Mandamus, asking this Court to order District Judge Timothy L. Brooks to pass judgment on Doc. 150 in Case No. 12-3022.

## RELIEF SOUGHT

1.      Petitioner seeks a writ of mandamus ordering District Judge Timothy L. Brooks to pass judgment on Peitioner's Objection to Magistrate Judge's Order Denying Rule 37 Sanctions.

2.      Also, Petitioner has been injured as a result of this procrastination. See ¶¶ 30-35 of this Petition for details.

3.      Therefore, Petitioner asks that the District Court be ordered to correct any/all injuries Petitioner suffered as a result of this procrastination. This correction of injuries can take a variety of forms, including, but not limited to ...

(a)      Declining to adopt the Magistrate Judge's Recommendation and ordering a jury trial (it would not be sufficient to simply decline to adopt this one portion of the Magistrate Judge's R&R. See ¶¶ 32-34 of this Petition for details).

(b)      Re-opening the discovery phase of this case, ordering the Defendants to provide the requested discovery. No excuses, no objections. They either produce the requested evidence, or plainly admit that this evidence does not exist. Then, at great expense to the taxpayers, the Court could re-try the evidence hearing, with Petitioner having this evidence in-hand,

(c)      Issuing the sanction of default, as Petitioner suggested in ¶ 25 of his Motion for

FAX RECEIVED

JUL 1 4 2014

U.S. COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Sanctions (Doc. 126), thus rendering the entire evidence hearing and Report & Recommendation moot.

4.     However it is accomplished, Petitioner requests that his injury be corrected, and that Petitioner be put in the same position he would have been in, had this procrastination never occurred.

## ISSUES PRESENTED

5.     Is four (4) months without a ruling on a simple Objection to a Magistrate Judge's Order Denying Rule 37 sanctions sufficient to create a presumption of procrastination?

6.     Also, should an injunction issue ordering the District Court to rectify any/all injuries caused by this procrastination (see ¶¶ 2-3, as well as ¶¶ 30-35, for details)?

## FACTS

7.     The following facts are necessary to understand this case:

### The procrastination itself.

8.     Petitioner is currently representing himself, *pro se*, in a civil action in the United States District Court for the Western District of Arkansas, accusing Boone County Sheriff's Department of three violations of Petitioner's legal rights. They are:

(a)     Petitioner was arrested on November 24, 2011, not because he was believed guilty of some crime, but simply to give prosecuting attorney Wes Bradford an opportunity to persecute Petitioner and coerce him into ending his lawsuit practices.

(b)     The Boone County Jail allowed jailer Jason Jones to harass, bully, and threaten Petitioner, and instruct other inmates to do the same.

(c)     The Boone County Jail repeatedly punished Petitioner for conduct they plainly knew to be caused by his Asperger Syndrome.

9.      This case was given Case No. 12-3022.

10.      On October 30, 2013, Petitioner filed a Motion to Compel Discovery (See Doc. 110), arguing that the Defendants were attempting to avoid having to produce evidence that would incriminate them and prove the municipality's custom of completely ignoring complaints of officer misconduct and giving jail guards autonomy to violate inmates' rights without any consequences.

11.      Petitioner argued that the Defendants placed a baseless objection that the requested discovery was not relevant. This objection had absolutely no details behind it, which was inconsistent with the Federal Rules of Civil Procedure, as well as the Arkansas Federal Court Local Rules, which require the grounds for an objection to be stated with specificity.

12.      On January 16, 2014, Magistrate Judge James R. Marchewski entered an order (Doc. 118) agreeing with Petitioner, and granting the Motion to Compel Discovery to the extent that it concerned that portion.

13.      On January 23, 2014, the Defendants served Plaintiff with a new response to Plaintiff's discovery request. However, this Motion did not contain the discovery Plaintiff requested; it contained a brand new objection that had never before been raised. Specifically, they argued that it was an undue burden to have to produce this evidence.

14.      Even if the objection may have had merit, the Defendants still had lost their opportunity to raise it, as it is clearly stated in the Rules of Civil Procedure that "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

15.      Armed with this law, on January 28, 2014, Petitioner filed a Motion for Sanctions under Fed. R. Civ. P. 37(b) (Doc. 126), pointing out that the Defendants have not stated this ground in a *timely* objection, and thus, they have lost their opportunity to raise it.

16.     On February 11, 2014, the Defendants filed a Response to this Motion, freely admitting that they were perfectly capable of producing this evidence; they just did not want to go through the tedium of producing it. See Docs. 133 & 140 (Defendant's Response, and Petitioner's Reply, respectively).

17.     On February 26, 2014, Magistrate Judge James R. Marchewski entered an order denying the Motion for Sanctions, stating that "Mr. Stebbins may question the witnesses about whether or not the Jail's law enforcement policies were followed."

18.     In issuing this order, the Magistrate Judge patently ignored two of Petitioner's key arguments:

(a)     "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

(b)     The Defendants flatly admitted that they would gladly comply with the discovery request if they were ordered to do so. As a result, the Defendants themselves confessed that their objection of "undue burden" is without merit.

19.     On March 12, 2014, Petitioner filed a timely objection to this order, pursuant to Fed.R.Civ.P. 72(a). See Doc. 150. In this objection, he argued that, because the Magistrate Judge had failed to take into consideration the law which states that untimely objections are waived (See ¶ 18(a) of this Petition), and also failed to take into consideration the Defendant's own admission that their "undue burden" objection was meritless (¶ 18(b) of this Petition), that constituted an abuse of discretion according to the precedents of *Kern v. TXO Production Corp.*, 738 F. 2d 968, 970 (8th Cir. 1984) and *United States v. Kramer*, 827 F. 2d 1174, 1179 (8th Cir. 1987) (holding that an abuse of discretion occurs "when a relevant factor that should have been given significant weight is not considered").

20.    On March 13, 2014, a text-only order was entered in Case No. 12-3022, stating that District Court Judge P.K. Holmes was no longer assigned to the case, and in his place, the newly-appointed Judge Timothy L. Brooks was now assigned.

21.    It is at this point that we should calculate the time the Objection spoken of in ¶ 18 of this Petition has sat on the docket without a ruling, as a judge cannot rule on a motion until he is assigned to the case.

22.    As of the time this Petition is being submitted to the Court (which is July 14, 2014), Taking into consideration the provisions of ¶ 21 of this Petition, this means that Judge Brooks has had one hundred twenty-three (123) days to issue a ruling on the objection. However, he has failed to do so.

23.    Four months is enough time to assume that the judge is holding out on his ruling, most likely because this would require he rule in Boone County's disfavor (and God forbid he rule in the government's disfavor).

### Petitioner has been injured due to the procrastination

24.    In addition to the procrastination itself, Petitioner has also suffered an injury that would not have happened, had the new District Judge complied with the Code of Conduct of United States Judges (Canon 3(a)(5)), and issued an order on this objection BEFORE the evidence hearing began.

25.    Specifically, Petitioner had to go through the evidence hearing ... without evidence! He relied only on the testimony of some witnesses, who merely *claimed* that they take accusations of officer misconduct seriously, but because Petitioner did not have the records he requested, he had no means of rebutting this testimony.

26.    This caused the Magistrate Judge to issue a Report & Recommendation that stated that

"Mr. Stebbins has not shown any evidence" of any custom that the Jail always ignores its official policies.

27.     If the District Judge had complied with Canon 3(a)(5) and promptly ruled on the Objection, either the evidence hearing would not have needed to litigate the issue of municipal liability, since it would have been established anyway.

## REASONS FOR ISSUING THE WRIT

28.     This Petition for Writ of Mandamus should be granted for the following reasons:

29.     First, there is the matter of principle. The District Judge is obligated to "promptly dispose of the business of the court." See Canon 3(a)(5) of the Code of Conduct of Untied States Judges. Petitioner's due process rights (including his right to compel evidence on his behalf, and to impeach the opposing witnesses with said evidence) have been thoroughly thrashed.

30.     Speaking of the violation of this right, Petitioner has already suffered an injury because of his inability to access this key evidence. Writs of mandamus can be used to correct an injury that cannot be corrected on a normal appeal, and this is such a case.

31.     As a result, not only must the District Court be ordered to issue a ruling on Doc. 150 in that case, but Judge Brooks should also be ordered to correct any errors that were caused by the mistaken belief that the issue of municipal liability was in issue.

32.     If the District Court, in finally issuing a ruling on the objection, chooses to order that municipal liability be established, rather than sanctioning the Defendants with default, then some clean-up would *still* be required in order to rectify the injuries the procrastination had already caused.

33.     This is because the Magistrate Judge, in issuing his Report & Recommendation, failed to issue a recommendation as to whether there was any genuine dispute of fact regarding whether

or not Jones actually committed the violations Petitioner is accusing him of, under the mistaken belief that the lack of municipal liability would render those allegations irrelevant. If municipal liability is ordered to be established, a new Report & Recommendation must be issued that discusses whether there are triable issues of act, under those conditions. The ordering of this new Report & Recommendation would be *cheaper* than the method suggested in ¶ 3(c) of this Petition, but it would still need doing nevertheless.

34.     The only course of action that would require no clean-up, whatsoever, would be to issue the ultimate sanction of default against the Defendants.

35.     Whatever course of action the District Court takes regarding Petitioner's Second Request for Relief (the District Court has a variety of options at its disposal; see ¶ 3 of this Petition), Petitioner demands that the issue be corrected one way or another.

## CONCLUSION

36.     Wherefore, premises considered, Petitioner requests that the District Judge be ordered to pass judgment on Doc. 150 in Case No. 12-3022, to correct any/all prejudices that Petitioner suffered as a result of the procrastination, and be ordered to proceed with jury trial.

37.     So requested on this, the 14th day of July, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com